

```
*  5  0  1  0  2  7  2  5  *
```

IN THE CIRCUIT COURT
FOR THE FOURTH JUDICIAL CIRCUIT OF ILLINOIS
CLAY COUNTY, LOUISVILLE, ILLINOIS

| | |
|---|---|
| David Workman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2021-L-8 |
| | ) |
| North American Lighting, Inc., a Michigan corporation, | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

To:  North American Lighting, Inc.
c/o CT Corporation System
208 South LaSalle Street, Ste. 814
Chicago, IL 60604

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the Office of the Clerk of this Court, Clay County Courthouse, Louisville Illinois, within thirty (30) days after service of this SUMMONS, exclusive of the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first set up an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and select a service provider. If you need additional help or have trouble e-filing, visit http://www.illnoiscourts.gof/FAQ/gethelp.asp.

This SUMMONS must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, SUMMONS shall be returned so endorsed.

This SUMMONS may not be served later than thirty (30) days after its date.

WITNESS: 8/30/2021

Crystal Ballard
(Clerk of the Circuit Court)
By: /s/ Stacey Blair
(Deputy)

EXHIBIT A

\* 5 0 1 0 2 7 2 5 \*

## PROOF OF SERVICE

SHERIFF'S FEES
( Service and return........ $_____
( Miles_____  $_____
( Total............................  $_____

_____
Sheriff of Cook County

I certify that I served this SUMMONS on Defendant as follows:

**(a)** (Individual Defendant - personal):

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the Defendant with whom he left the attached document and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when they were left with the Defendant.)

_____

_____

**(b)**     (Individual Defendant - abode):

By leaving a copy of the attached at the usual place of abode of the Defendant with a person of Defendant's family, of the age of thirteen (13) years or upwards, informing that person of the contents of the SUMMONS with attached document.

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the Defendant with whom he left the attached document and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the attached document was left with the Defendant.)

_____

and also by sending a copy of the attached document in a sealed envelope with postage fully prepaid, addressed to the Defendant at Defendant's usual place of abode, as follows:

| **Name of Defendant** | **Mailing Address** | **Date of Mailing** |
|---|---|---|
| _____ | _____ | _____ |

**(c)** (Corporate Defendant):

By leaving a copy of the attached document with the registered agent, officer or agent of each defendant corporation, as follows:

| **Name of Corporation** | **Registered Agent, Officer or agent** | **Date of Service** |
|---|---|---|
| _____ | _____ | _____ |

**(d)** (Other service):

_____

_____, Sheriff of Cook County

By:_____
(Deputy)



\* 5 0 1 0 2 7 2 5 \*

IN THE CIRCUIT COURT
FOR THE FOURTH JUDICIAL CIRCUIT OF ILLINOIS
CLAY COUNTY, LOUISVILLE, ILLINOIS

| | |
|---|---|
| David Workman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2021-L-8 |
| | ) |
| North American Lighting, Inc., a | ) |
| Michigan corporation, | ) |
| | ) |
| Defendant. | ) |

## SUMMONS

To:   North American Lighting, Inc.
c/o CT Corporation System
208 South LaSalle Street, Ste. 814
Chicago, IL 60604

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the Office of the Clerk of this Court, Clay County Courthouse, Louisville Illinois, within thirty (30) days after service of this SUMMONS, exclusive of the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first set up an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and select a service provider. If you need additional help or have trouble e-filing, visit http://www.illnoiscourts.gof/FAQ/gethelp.asp.

This SUMMONS must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, SUMMONS shall be returned so endorsed.

This SUMMONS may not be served later than thirty (30) days after its date.

WITNESS: 8/30/2021

Crystal Ballard
(Clerk of the Circuit Court)
By: /s/ Stacey Blair
(Deputy)

\* 5 0 1 0 2 7 2 5 \*

## PROOF OF SERVICE

SHERIFF'S FEES
( Service and return........  $_____
( Miles_____  $_____
( Total............................  $_____

_____
Sheriff of Cook County

I certify that I served this SUMMONS on Defendant as follows:

**(a)** (Individual Defendant - personal):

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the Defendant with whom he left the attached document and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when they were left with the Defendant.)

_____

_____

**(b)**   (Individual Defendant - abode):

By leaving a copy of the attached at the usual place of abode of the Defendant with a person of Defendant's family, of the age of thirteen (13) years or upwards, informing that person of the contents of the SUMMONS with attached document.

(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the Defendant with whom he left the attached document and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the attached document was left with the Defendant.)

_____

and also by sending a copy of the attached document in a sealed envelope with postage fully prepaid, addressed to the Defendant at Defendant's usual place of abode, as follows:

| **Name of Defendant** | **Mailing Address** | **Date of Mailing** |
|---|---|---|
| _____ | _____ | _____ |

**(c)** (Corporate Defendant):

By leaving a copy of the attached document with the registered agent, officer or agent of each defendant corporation, as follows:

| **Name of Corporation** | **Registered Agent, Officer or agent** | **Date of Service** |
|---|---|---|
| _____ | _____ | _____ |

**(d)** (Other service):

_____

_____, Sheriff of Cook County

By:_____
(Deputy)



FILED
Clay Co. Circuit Court
4th Judicial Circuit
* 5 0 1 0 Date: 8/30/2021 2:42 PM
Crystal Ballard

IN THE CIRCUIT COURT
FOR THE FOURTH JUDICIAL CIRCUIT OF ILLINOIS
CLAY COUNTY, LOUISVILLE, ILLINOIS

| | |
|---|---|
| David Workman,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>North American Lighting, Inc., a Michigan corporation,<br><br>　　　　Defendant. | 2021L8<br><br>No. 2021-L-___ |

## COMPLAINT AT LAW

Now comes Plaintiff, David Workman, by and through Garth E. Flygare of Smallhorn Law, LLC, his attorney, and, for his Complaint at Law against Defendant, North American Lighting, Inc., a Michigan corporation, states:

1. At all times relevant hereto, Plaintiff, David Workman, was a resident of Illinois.

2. At all times relevant hereto, Defendant, North American Lighting, Inc., was transacting business in Paris, Edgar County, Illinois.

3. This Court has jurisdiction to hear Plaintiff's claim pursuant to section 2617(a)(2) of the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. § 2617(a)(2).

4. Plaintiff, an individual, was an "eligible employee," within the meaning of the FMLA, at all times relevant hereto.

5. Defendant was an "employer," within the meaning of the FMLA, at all times relevant hereto.

Page 1 of 7



6. Defendant was both engaged in commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

7. At the time of the incidents relevant hereto, Plaintiff was employed by Defendant at its business location in Flora, Illinois, for approximately 5 years.

8. During the twelve-month period preceding Plaintiff's requested FMLA leave, Plaintiff worked more than 1,250 hours for Defendant.

9. On March 6, 2020, Defendant approved intermittent Family Medical Leave for Plaintiff for the purpose of caring for his spouse, Marie Workman.

10. Plaintiff's spouse suffers from postural orthostatic tachycardia syndrome with the possibility of flare-ups that might result in serious injury without Plaintiff's care.

11. Plaintiff became aware that his absence from work on August 9, 2020 had been designated as a "no call/no show" despite the fact that he had contacted Defendant's personnel to inform of the need to care for his spouse on that day and that he would not be able to attend work

12. After discovery of the designation, Plaintiff challenged the decision, and informed his immediate supervisor, Danny Lake, that he had contacted Defendant's personnel to inform of the need to care for his spouse and that he would not be able to attend work.

13. Mr. Lake agreed to change the designation to "unexcused" but refused to classify it as approved FMLA leave.

14. Plaintiff looked into his attendance record and discovered that two other days had been designated as unexcused absences as well. Both August 13, 2020, and August 14, 2020, were classified as "unexcused" despite the fact that Plaintiff had notified Defendant's personnel of his need to care for his spouse pursuant to the FMLA leave that had been approved.



* 5 0 1 0 2 7 2 5 *

15. Defendant uses a no-fault point system with regard to attendance, and the "unexcused" designation accrues points that can lead to termination.

16. Plaintiff spoke with Jonita Mitchel, human resources manager for the Flora, Illinois location, regarding the designation of absences as "unexcused."

17. Ms. Mitchel informed Plaintiff that she would correct the designation, but she did not.

18. On November 2, 2020, Plaintiff's employment with Defendant was terminated as a result of the accumulation of seven (7) attendance points.

19. If the August 9, 13, and 14 absences had been properly characterized as FMLA leave, Plaintiff would have been in compliance with Defendant's no-fault attendance policy.

20. Defendant, through its agents, interfered with, restrained, and denied Plaintiff's exercise of his rights under the FMLA in the following ways:

   a. by refusing to reclassify improperly classified absences as approved FMLA leave;

   b. by taking improperly classified absences into consideration in making adverse employment decisions concerning Plaintiff;

   c. by terminating Plaintiff's employment as a result of exercised FMLA leave; and

   d. by refusing to correct improper adverse employment decisions.

21. As a result of Defendant's interference with Plaintiff's exercise of his rights under FMLA, Plaintiff has suffered damages, as he has been unable to find similar and adequate employment, he has been forced to retain legal counsel, he has incurred court costs, and he is expected to incur additional legal fees and costs.



WHEREFORE, Plaintiff, David Workman, prays that judgment be entered in his favor and against Defendant, North American Lighting, Inc., in an amount in excess of Fifty Thousand and 00/100 dollars ($50,000.00) for damages of the following categories in addition to such further relief as this Court deems equitable and just under the circumstances:

A. Statutory damages for lost wages, benefits, and other compensation, plus statutory interest thereon, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. § 2617(a)(1)(A)(ii);

B. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii); and

C. Attorney's fees, expert witness fees, and Court costs, pursuant to 29 U.S.C. § 2617(a)(3).

Dated this 30th day of August, 2021.

David Workman, Plaintiff,

By: /s/ Garth E. Flygare
Garth E. Flygare
of Smallhorn Law LLC

Garth E. Flygare
Smallhorn Law LLC
600 Jackson Avenue
Charleston, Illinois 61920
T: 217-348-5253
E: gflygare@smallhornlaw.com
ARDC: 6320617



\* 5 0 1 0 2 7 2 5 \*

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_David Workman_, Plaintiff



IN THE CIRCUIT COURT
FOR THE FOURTH JUDICIAL CIRCUIT OF ILLINOIS
CLAY COUNTY, LOUISVILLE, ILLINOIS

| | |
|---|---|
| David Workman, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. 2021-L-__ |
| North American Lighting, Inc., a Michigan corporation, | ) ) ) ) |
| Defendant. | ) ) |

## JURY DEMAND

Plaintiff, David Workman, hereby demands Trial by Jury of 12 persons on all issues and Counts of Plaintiff's Complaint at Law herein, as it may be amended from time to time.

David Workman, Plaintiff,

By: /s/ Garth E. Flygare
Garth E. Flygare
of Smallhorn Law LLC

Garth E. Flygare
Smallhorn Law LLC
600 Jackson Avenue
Charleston, Illinois 61920
T: 217-348-5253
E: gflygare@smallhornlaw.com
ARDC: 6320617



\* 5 0 1 0 2 7 2 5 \*

IN THE CIRCUIT COURT
FOR THE FOURTH JUDICIAL CIRCUIT OF ILLINOIS
CLAY COUNTY, LOUISVILLE, ILLINOIS

| | |
|---|---|
| David Workman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2021-L-__ |
| ) | |
| North American Lighting, Inc., a ) | |
| Michigan corporation, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT/CERTIFICATION PURSUANT TO RULE 222

I, Garth E. Flygare, pursuant to penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, certify that the damages sought in this Complaint are in excess of Fifty Thousand and 00/100 dollars ($50,000.00).

                                                   /s/ Garth E. Flygare
                                                   Garth E. Flygare
                                                   of Smallhorn Law LLC

Garth E. Flygare
Smallhorn Law LLC
600 Jackson Avenue
Charleston, Illinois 61920
T: 217-348-5253
E: gflygare@smallhornlaw.com
ARDC: 6320617